IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EDWARD JOHNSTON,**<br>  *Plaintiff,* | §<br>§<br>§<br>§<br>§ | |
| **v.** | § | CIVIL ACTION NO. 4:23-CV-02306 |
| **PALOMAR SPECIALTY INSURANCE COMPANY,**<br>  *Defendant,* | §<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S MOTION TO COMPEL APPRAISAL
AND ABATEMENT**

**COMES NOW** Plaintiff in the above-styled lawsuit and files this Motion to Compel Appraisal of Plaintiff's property damage claim as authorized by the insurance policy at issue in this case and abate the lawsuit pending completion of the appraisal process, and would respectfully show the Court as follows:

I.
FACTUAL BACKGROUND

1. This lawsuit arises out of a dispute over an insurance claim made by Plaintiff for damage to his property.

2. Defendant's policy provides for appraisal as a means for determining the amount of loss when the parties are unable to agree to the amount of loss.

3. Plaintiff timely invoked the appraisal clause of Defendant's policy.

4. To date, Defendant has not named its appraiser pursuant to the insurance agreement.

5. To date, Defendant has refused to participate in the appraisal process.

II.

1

OVERVIEW

6. The case should be abated and the parties should be compelled to complete the appraisal process.

7. This suit arises out of a disagreement over the amount of loss to Plaintiff's property.

8. The insurance policy contains an appraisal clause for resolution of this type of dispute. The appraisal clause requires the parties, upon written demand, to submit to the appraisal process when they fail to agree on the "amount of loss." Despite this contractual agreement, Defendant refuses to honor this appraisal clause.

9. The Supreme Court of Texas held in *State Farm Lloyds v. Johnson,* 290 S.W.3d 886 (Tex. 2009), that in every property damage claim, someone must determine the "amount of loss." An appraisal clause binds the parties to have the extent or amount of the loss determined in a particular way. Like any other contractual provision, appraisal clauses should be enforced. *Id.* at 895.

10. Texas courts have consistently enforced appraisal provisions with virtually no exception. *See In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 407 (Tex. 2011) (holding that appraisal clauses generally are enforceable, absent illegality or waiver); *In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

11. Completion of appraisal in accordance with Defendant's policy is a condition precedent to filing suit on the insurance contract. *Woodward v. Liberty Mut. Ins. Co.* No. 3:09-CV-0228-G, 2010 WL 1186323 *3 (N.D. Tex. Mar. 26, 2010). "When one party to an insurance contract properly invokes the contract's appraisal clause…a court should exercise its discretion to stay the suit pending completion of the appraisal." *Woodward,* 2010 WL

1186323 at *3; *see also In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[a] remedy to enforce a condition precedent in its policy is abatement of the case"); *see also United Neurology, PA v. Hartford Lloyd's Ins. Co.,* No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012) (abating case while the appraisal goes forward); *Rice v. Certain Underwriters at Lloyds*, Civ. A. No. H-10-4660, 2011 WL 240421 (S.D. Tex. Jan. 21, 2011) (abating case until appraisal process is complete).

12. Here, Plaintiff timely invoked the appraisal provisions of its policy. Plaintiff requests that the court exercise its discretion to abate this case pending the completion of the appraisal process.

13. Furthermore, judicial economy is best served by staying this matter until such time as the appraisal process is complete. *See Slavonic,* 308 S.W.3d at 565; *see also Butler v. Prop. & Cas. Ins. Co. of Hartford,* Civ. A. No. H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011) (holding that abatement of the case pending appraisal is appropriate and "in the interest of the efficient and inexpensive administration of justice"). Moving forward with discovery related to alleged breach of contract and extra-contractual causes of action when a condition precedent to the breach of contract claim has not been satisfied is a waste of the parties' and the Court's resources.

14. The purpose of appraisal is to determine the amount of loss and possibly resolve the case with "no attorneys, no lawsuit, no pleadings, and no hearings." *State Farm Lloyd's v. Johnson,* 290 S.W.3d 886, 894 (Tex. 2009) (noting that appraisals are less costly and faster than litigation, and often resolve disputes such as this one). Consistent with the purpose of appraisal, *i.e.*, to prevent or reduce litigation efforts and costs, Plaintiff requests the Court

abate this lawsuit until the appraisal process is completed.

### III.
### ARGUMENT & AUTHORITIES

15. Texas courts specifically enforce appraisal clauses in standard Texas policies and have routinely required insurers to participate in the appraisal process as contracted under their policies. *See Universal,* 345 S.W.3d at 412; *In re Allstate County Mut. Ins. Co.,* 85 S.W.3d 193, 196 n. 5 (Tex. 2002); *In re State Farm Lloyds,* 170 S.W.3d 629, 634-635 (Tex. App.—El Paso 2005, orig. proceeding); *Vanguard Underwriters Ins. Co. v. Smith,* 999 S.W.2d 448, 449 (Tex. App.—Amarillo, 1999, no pet.).

16. The Supreme Court of Texas has reaffirmed the mandatory nature and enforceability of appraisal clauses and noted that this is a principle that has been followed consistently since at least 1888. *Universal,* 345 S.W.3d at 406-07 (holding that appraisal clauses are generally enforceable, absent illegality or waiver); *Johnson,* 290 S.W.3d at 888-89 (citing *Scottish Union & Nat. Ins. Co. v. Clancy,* 8 S.W. 630 (Tex. 1888)); *see also In re Allstate,* 85 S.W.3d at 196.

17. In *Johnson,* the Texas Supreme Court affirmed the Dallas Court of Appeals holding that appraisal must still be enforced even if there is some underlying dispute because the parties still need to know the "amount of loss." *Johnson,* 290 S.W.3d at 895. The facts of *Johnson* are instructive. There, the insured made a claim under his State Farm Lloyds homeowners policy alleging the roof of the home had been damaged during a hail storm. State Farm Lloyds' adjuster concluded that hail caused only minimal damage to the ridgeline of the roof which fell below the policy's deductible. *Id.* Accordingly, no payment was made on

4

the claim. The insured's contractor argued that hail had damaged the entire roof thus mandating that the entire roof be replaced. *Id.* The Texas Supreme Court determined that the dispute over roof damage was properly subject to the policy's appraisal provision holding that "[a]ny appraisal necessarily includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages for everything else." *Id.* at 893. The application of *Johnson* to this case is clear; irrespective of the cause of the insured's claimed roof damage (old damage or new damage), or whether it is a covered loss, someone must determine what the amount of that loss is resulting from the alleged storm.

18. It is undisputed that the appraisal clause applies to the dispute over the amount of Plaintiff's loss. Plaintiff has properly and timely invoked the appraisal clause in the Policy. Therefore, Texas law mandates that Defendant comply with the appraisal clause as properly requested by Plaintiff.

19. In *Johnson,* the Court held that "the scope of appraisal is damages, not liability." *Id.* at 890. However, this does not mean the cause of damage is not relevant in the appraisal process. In explaining its holding, the *Johnson* Court recognized that "causation relates to both liability and damages because it is the connection between them." *Id.* at 891-892. Therefore, "appraisers must always consider causation, at least as an initial matter." *Id.* at 893. The Court made clear that, "an appraisal is for damages caused by a specific occurrence, not every repair a home might need." *Id.* Therefore, appraisal cannot be avoided merely because there is a question of causation. *Id.*

20. In *Johnson,* State Farm made the argument that appraisal was not appropriate because there

was a dispute concerning causation. The Supreme Court held that State Farm's argument failed because appraisers must be allowed to allocate damages between covered and excluded perils or they would never be able to assess hail damage unless a roof was brand new.

21. This holding has been followed by the appellate courts in numerous cases in which the insurer denied there was a covered loss. *See In re Texas Windstorm Ins. Ass'n,* 2013 WL 4806996 (Tex.App.—Houston [14th Dist.] 2013, orig. proceeding); *In re Public Service Mut. Ins. Co.,* 2013 WL 692441 (Tex.App.—Austin 2013, orig. proceeding), *In re Southern Ins. Co.,* 2011 WL 846205 (Tex.App.—Beaumont 2011, orig. proceeding).

22. The court in *In re Southern,* 2011 WL 846205 (Tex.App.—Beaumont 2011, orig. proceeding) rejected the plaintiff's argument that the insurer must agree that the loss is covered by the policy before there was a failure to agree as to "amount of loss." The court held:

> The parties dispute causation. Southern contends that the damage to Neisen's home is the result of long term repeated leakage, and Neisen contends the damage was caused by winds during Hurricane Ike. Nevertheless, following the Supreme Court's decision in *Johnson,* we conclude that under the circumstances the appraisal should be determined as an initial matter and the parties may then litigate causation questions. *See id.* at 894. "[W]hen an indivisible injury to property may have several causes, appraisers can assess the amount of damage and leave causation up to the courts. When divisible losses are involved, appraisers can decide the cost to repair each without deciding who must pay for it." *Id.* "When an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong." *Id.* The appraisal clause "binds the parties to have the extent or amount of the loss determined in a particular way, leaving the question of liability for such loss to be determined, if necessary, by the courts." *Scottish Union & Nat'l Ins. Co.,* 8 S.W. at 631.

23. Under similar facts here, the policy does not require the insurer to acknowledge liability before appraisal is appropriate. As such, under Texas law, the policy appraisal provisions

should be enforced in this matter.

24. While Texas courts have held that an insured can waive its right to appraisal, the intent for such waiver must be clearly demonstrated by the surrounding facts and circumstances. *In re Continental Cas. Co.,* No. 141-10-00709-CV, 2010 WL 3703664, at *3 (Tex.App.—Houston [14th Dist.] September 23, 2010, no pet.) (citing *Jernigan v. Langley,* 111 S.W.3d 153, 156-57 (Tex. 2003)).

25. Texas courts are extraordinarily hesitant to find waiver of an appraisal clause. *See Scottish Union,* 8 S.W. at 632 (holding inspection of damage, partial adjustment of claim, offer to pay for certain items and acceptance of inventory of lost or damaged items did not waive appraisal as to value of disputed items damaged in fire). To constitute a waiver of appraisal, the action by the insured must be "reasonably calculated to induce the insurer to believe that compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed. The acts relied on must amount to a denial of liability or a refusal to pay the loss." *Id.*

26. The facts in this case do not give rise to a waiver. Plaintiff invoked appraisal only after Defendant failed to pay the full amount owed under the policy. Moreover, Plaintiff invoked the appraisal provision after the parties reached an impasse in negotiations. This is the direct evidence of disagreement between the parties on the amount of loss, thereby justifying Plaintiff's demand for appraisal.

27. In addition, a "waiver is an affirmative defense that can be asserted against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right." *In re Acadia Ins. Co.,* 279 S.W.3d 777, 779 (Tex. App.—Amarillo

2007, orig. proceeding) *(*citing *Tenneco, Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 643 (Tex. 1996)) (applying waiver standard to appraisal clause). As such, the Defendant bears the burden of showing affirmative facts evidencing an insured's intention to relinquish the right to appraisal. *In re State Farm Lloyds,* 170 S.W.3d at 634. Defendant has not and cannot show any facts to meet its burden in this case.

28. The *Universal* Court noted that "mere delay is not enough to find waiver; a party must show that it has been prejudiced." *Universal,* 345 S.W.3d at 411 (citing *Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.,* 981 F.Supp. 581 (N.D. Iowa 1997)). The court reasoned that "[i]f the insured has suffered no prejudice due to delay, it makes little sense to prohibit appraisal when it can provide a more efficient and cost-effective alternative to litigation." *Id.* In light of this rationale, and noting the tendency of other jurisdictions to so require, the court concluded that in order to establish waiver a party must show that "an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." *Id.* at 412. The court then went on to note that "it is difficult to see how prejudice could ever be shown when the policy ... gives both sides the same opportunity to demand appraisal." *Id.*

29. As the *Universal* court noted, it is difficult to demonstrate how Defendant could be prejudiced by appraisal, as the policy of insurance provides Defendant with the same opportunity to demand appraisal afforded to Plaintiff. Proceeding with appraisal in the instant case would not cause Defendant to suffer any "inherent unfairness in terms of delay, expense or damage to his legal position." *See Id.* at 411, (citing *Perry Homes v. Cull,* 258 S.W.3d 580, 597 (Tex. 2008).

30. Consistent with the *Universal* opinion, two more recent appellate opinions have held the Defendant must show delay and prejudice to avoid appraisal. In *EDM v. Hartford,* the court found no prejudice to the insured. No. H-10-3754, 2011 WL 2619069, at *1 (S.D. Tex. 2011). In that matter, the claim was originally adjusted but suit not filed until almost two years after the storm. *Id.* After suit had been filed the parties proceeded to mediation. *Id.* Only after mediation failed and several months after suit was filed did the carrier invoke appraisal. *Id.* at *2. The court found that impasse had been reached only after the parties failed at mediating their claims. *Id.* at *6. Moreover, the insured had not demonstrated any prejudice. *Id.* (defining prejudice for the purposes of waiver as the inherent unfairness in terms of delay, expense, or damage to a party's legal position). *See also In re Cypress Texas Lloyds,* 419 S.W.3d 443, 444-45 (Tex.App.—Beaumont 2012, orig. proceeding).

31. The Court in *In re Cypress Texas Lloyds,* held that there was no prejudice even though they had incurred litigation expenses including hearings, motions and expert fees. 419 S.W.3d at 444-45. The court stated that the parties could have avoided the costs by requesting the appraisal and concluded that "when a party knows of its right to request an appraisal and does not make that request, it is difficult to attribute the costs incurred to the opponent." *Id.* at 445.

32. Pursuant to the Policy's terms, Defendant in this case was entitled to demand appraisal and could have avoided any perceived prejudice by making the demand itself. *Universal,* 345 S.W.3d at 412; *In re Cypress Texas* Lloyds, 419 S.W.3d at 445-45. Defendant did not proactively exercise its rights nor can it show any prejudice as a result of Plaintiff's actions. Therefore, no waiver has occurred and appraisal should be compelled. In the instant case, Defendant would suffer no prejudice by this matter proceeding to appraisal. To date,

Defendant has incurred little notable expenses and the parties have conducted minimal discovery in this matter.

33. Courts have the discretion to stay or abate insurance litigation—such as the instant case—until appraisal is complete. *See In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d at 564-65; *Vanguard Underwriters Ins. Co.,* 999 S.W.2d at 450-51; *James v. Prop. & Cas. Ins. Co. of Hartford,* No. H-10-1998, 2011 WL 4067880 (S.D. Tex. Sept. 12, 2011); *United Neurology, P.A. v. Hartford Lloyds Ins. Co.,* No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012). Moreover, recognizing this as the law and that to allow the litigation to proceed while appraisal is underway would be an unnecessary waste of valuable court resources and otherwise unnecessarily increase attorney and litigation fees to all parties; courts have the discretion and have been staying or abating insurance litigation such as the one here until appraisal is complete. *See In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d 556, 564-65 (Tex.App.—Houston [14th Dist.] 2010); *Vanguard Underwriters Ins. Co. v. Smith,* 999 S.W.2d 448, 450-51, (Tex.App.—Amarillo 1999); *James v. Prop. & Cas. Ins. Co. of Hartford,* No. H-10-1998, 2011 WL 4067880 (S.D. Tex. Sept. 12, 2011); *United Neurology, P.A. v. Hartford Lloy''s Ins. Co.,* No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012).

34. The Texas Court of Appeals in *Vanguard Underwriters Ins. Co.,* and *In re Slavonic Mut. Fire Ins. Ass'n* also upheld abatement of the lawsuit pending the appraisal process finding a condition precedent in the policy which provides, "no suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues." *Vanguard,* 999 S.W.2d at

450-51; *In re Slavonic Mut. Fire Ins. Ass'n,* 308 S.W.3d at 565; *James,* No. H-10-1998, 2011WL4067880 at *2; *United Neurology, P.A.,* No. H-10-4248, 2012 WL 423417 at *1-2. These Courts have concluded that because appraisal is a condition precedent to suit, abatement is appropriate. In the instant matter, the same policy language is present. Accordingly, this Court should also abate this lawsuit pending the appraisal process.

35. Plaintiff therefore moves for abatement of all of the pre-trial deadlines currently pending in an effort to avoid the unnecessary expenditure of time and resources in a case where such investment may prove ultimately unnecessary. Plaintiff's request is not made for the purposes of delay.

36. Appraisal is appropriate in this matter. It is required by the insurance policy, and the Texas Supreme Court has held that "like any other contractual provision, appraisal clauses should be enforced." *Johnson,* 290 S.W.3d at 895. Similarly, it is appropriate and within this Court's discretion to abate this lawsuit pending the appraisal process.

## IV.
## REQUEST FOR ATTORNEY FEES

37. Defendant has been attempting to evade appraisal across multiple lawsuits—in some cases after it had already agreed to appraisal. Here, Defendant has no valid reason to disregard the terms of its policy; has not provided any such reason other than they simply do not wish to go through appraisal; and has forced Plaintiff to draft, file, and argue this motion. Appraisal is a condition under the terms of the policy once properly invoked. As discussed in the motion, Plaintiff has properly invoked appraisal in this case, and Defendant is required to participate. Instead, Defendant wants to waste the parties' and the Court's time

11

and resources arguing baseless and frivolous objections. Therefore, Plaintiff requests the court to award Plaintiff reasonable attorney fees and costs associated with preparing, drafting, and arguing the motion.

## V.
## CONCLUSION & PRAYER

38. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Court grant this Motion to Compel Appraisal and Abatement pending completion of the appraisal process, and stay all proceedings, including but not limited to, all discovery, pending motions and hearings, until such time as Plaintiff and Defendant advise the Court that the appraisal process has been completed.

Respectfully submitted,

Eric B. Dick, LL.M.
SBN: 24064316
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
832-207-2007 Office
eric@dicklawfirm.com

## CERTIFICATE OF CONFERENCE

On July 5, 2023, the undersigned counsel for Plaintiff contacted Defendant's counsel via email correspondence to confer as to the contents of this motion. To date Defendant's counsel has not indicated whether they are opposed or unopposed to this motion.

_____
Eric B. Dick, LL.M.
SBN: 24064316

## CERTIFICATE OF SERVICE

I certify that in accordance with the Federal Rules of Civil Procedure I served a true and correct copy of the above on the parties of record. This service was made in a manner appropriate under the Federal Rules of Civil Procedure.

_____
Eric B. Dick, LL.M.
SBN: 24064316

July 18, 2023