IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD JOHNSTON,<br>    *Plaintiff*, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 4:23-CV-02306<br>JURY |
| PALOMAR SPECIALTY INSURANCE COMPANY,<br>    *Defendant*. | §<br>§<br>§ | |

### DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and files this Motion for Summary Judgment and would respectfully show unto the Court the following:

### SUMMARY OF THE ARGUMENT

1.  Palomar Specialty Insurance Company ("Palomar") is entitled to summary judgment as all allegations asserted against Palomar are barred by the applicable statute of limitations. In this instance the contractual cause of action and the extra-contractual causes of action are all barred because Mr. Johnston failed to file his lawsuit within 3 years of the date of loss as required by the limitations provision in the policy.

### FACTUAL BACKGROUND

2.  The above suit arises out of a claim for damages alleged to have been caused by hail to Mr. Johnston's residence. Per Paragraph 2 in the State Court Petition (the current live pleading for Plaintiff), the loss occurred on January 10, 2020. (Exhibit A- Plaintiff's Petition). The suit was

filed on May 11, 2023.  The Palomar Specialty Insurance Policy issued to Mr. Johnston and which is the basis of the claims asserted in this cause of action contains the following provision regarding the filing of suits and in particular the time frame which suit must be filed:

> Paragraph a) of number 12. **Lawsuits Against Us** under **SECTION I - YOUR PROPERTY, Conditions** is replaced by the following:
>
> a) No suit or action can be brought unless the policy provisions have been complied with. A suit brought against **us** must be filed by the earliest of the following dates:
> 1) two years from the date **we** accept or reject the claim; or
> 2) three years from the date of loss that is the subject of the claim.

(Exhibit B- Palomar Policy; Exhibit C- Endorsement shortening limitations).

Use of this endorsement shortening the limitations period by Palomar was approved by the Texas Department of Insurance. The Texas Department of Insurance records pertaining to the submission and ultimate approval by the Texas Department of Insurance are attached as Exhibit D and can also be found at the Texas Department of Insurance website located at: https://filingaccess.serff.com/sfa/home/TX under matter number FGAG-130605871.  A copy of the approved endorsement is attached as Exhibit E.

## ARGUMENTS

3. Per the endorsement in the Palomar Policy, Mr. Johnston was required to file his suit within three years from the date of loss. The date of loss was January 10, 2020 and the suit was not filed until May 11, 2023. (See Plaintiff's Petition- Exhibit A). Contractual provisions in an insurance contract limiting the time to file a cause of action for a breach of the insurance contract to period of time shorter than the statutory four years are valid and enforceable. *Abediniav v. Lighthouse Property Ins. Co*. 2021 Westlaw 4898456 (Tex. App. Tyler  2021); *Bazile v. Aetna Casualty Surety Company,* 784 S.W.2d 73 (Tex. App. Houston - [14th Dist.], 1989, writ granted and then withdrawn).  In this instance, Wellington Insurance Company on behalf of Palomar sought and obtained approval to use the above endorsement.  The approval requirements are outlined in Texas Insurance Code Section 2301.010 including the authority for the Texas Department of Insurance to grant approval.  As noted in Exhibit D, the Texas Department of

2

Insurance determined that Palomar's submission met the requirements and granted approval. Mr. Johnston was therefore required to file his lawsuit within three years from the date of loss which he failed to do.

4. Mr. Johnston has also asserted causes of action from Insurance Code violations and bad faith. If Mr. Johnston cannot recover policy benefits under the terms of the policy, he cannot recover under his extra-contractual theories in the absence of an independent injury. *USAA Texas Lloyds v. Menchaca,* 545 SW3d 479, 490 (Tex. 2018); *Ortiz v. State Farm Lloyds,* 589 SW3d 127 (Tex. 2019). Mr. Johnston failed to comply with the contractual obligation to bring suit within three years of the date of loss and as a result did not have coverage for the loss under the terms of the policy. Mr. Johnston has not alleged an independent injury and in the absence of proof of an independent injury cannot recover under his extra-contractual claims.

## CONCLUSION

Wherefore Defendant Palomar Specialty Insurance Company prays that upon hearing this matter the Court grant summary judgment as to all allegations asserted against Palomar Specialty Insurance Company.

Respectfully submitted,

By: */s/ George Arnold*
    **George Arnold**
    State Bar No. 00783559
    garnold@thompsoncoe.com
    **Susan Sparks Usery**
    State Bar No. 18880100
    susery@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299

**Attorneys for Defendant**
**PALOMAR SPECIALTY INS. CO.**

**CERTIFICATE OF SERVICE**

      This is to certify that on September 29, 2023, a true and correct copy of the foregoing was electronically delivered to the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Eric B. Dick
Joe Synoradzki
DICK LAW FIRM, PLLC
3701 Brookwoods Dr.
Houston, TX  77092
eric@dicklawfirm.com
joe@dicklawfirm.com
*Attorney for Plaintiff*

                                         */s/ George Arnold*
                                         George Arnold