United States District Court
Southern District of Texas
**ENTERED**
December 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EDWARD JOHNSTON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02306 |
| § | |
| **PALOMAR SPECIALTY INSURANCE** § | |
| **COMPANY,** § | |
| § | |
| Defendant. § | |

### MEMORANDUM & ORDER

This dispute involves coverage under a residential insurance contract. Before the Court is the Motion to Compel Appraisal and Abatement filed by Johnston, ECF No. 5, and the Motion for Summary Judgment filed by Palomar Specialty Insurance Company (Palomar), ECF No. 12.

For the reasons stated below, the Court finds that Palomar's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. Johnston's Motion to Compel Appraisal and Abatement is **DENIED**.

### I.    BACKGROUND

The central facts of this case are undisputed. Palomar issued Johnston a homeowners insurance policy. On January 10, 2020, Johnston's home was damaged by wind and hail from a storm, and he subsequently filed a claim under his policy. On November 4, 2021, Palomar send Johnston a decision letter accepting liability for part of the claim. Believing that Palomar had

1

undervalued his claim, Johnston then invoked the policy's appraisal provision on January 28, 2023. Although Palomar initially agreed to the appraisal, it withdrew from the process a month later. Johnston then filed suit in Texas state court on May 11, 2023, alleging breach of contract and bringing extra-contractual claims. Palomar removed the case to federal court.

The parties' insurance contract includes the following limitations provision, which sets a deadline for any suit under the contract to be filed:

> a) No suit or action can be brought unless the policy provisions have been complied with. A suit brought against us must be filed by the earliest of the following dates:
>   1) two years from the date we accept or reject the claim; or
>   2) three years from the date of loss that is the subject of the claim.

ECF No. 6-3 at 1. The contract similarly limits when either party may request appraisal:

> Any demand for appraisal must be made no later than the expiration of the contractual suit limitations time period . . . . After that time neither you nor we may demand an appraisal unless suit was timely filed and is pending at the time of the demand.

ECF No. 6-2 at 23.

Johnston has moved to abate and compel appraisal. Palomar responded that appraisal was inappropriate because the limitations provision barred Johnston's claims. Subsequently, Palomar moved for summary judgment, again arguing that Johnston's claims are untimely.

## II.   APPLICABLE STANDARD

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

"[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718–19.

### III. ANALYSIS

#### a. Breach of Contract

The Texas statute of limitations for a breach of contract claim is four years from the date the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.051. However, parties may contractually agree to shorten the limitations period. When they do so, "Texas courts routinely enforce such [limitations] provisions in insurance policies." *Watson v. Allstate Texas Lloyd's*, 224 F. App'x 335, 339 (5th Cir. 2007).

Here, the parties' insurance contract contained a limitations provision, which, if enforceable, bars this suit. The provision requires that a claim under the contract be brought within two years from when Palomar made a decision on the claim or within three years from when the

loss occurred, whichever transpires first. The loss occurred on January 10, 2020. This suit was filed more than three years later on May 11, 2023, in violation of the limitations provision.

However, a contractual limitations period is not automatically enforceable. Generally, "a stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state." TEX. CIV. PRAC. & REM. CODE § 16.070. Insurance claims generally accrue after the insurer accepts or rejects the insured's claim under the policy. *Castillo v. State Farm Lloyds*, 210 F. App'x 390, 393–95 (5th Cir. 2006); *Razo v. State Farm Lloyds*, No. 7:12-CV-352, 2017 WL 6209608, at *2 (S.D. Tex. Dec. 8, 2017). Thus, a limitations provision generally cannot give an insured less than two years to bring suit after the insurer accepts or rejects the insurance claim. In this case, Johnston's cause of action accrued when he received a decision on his claim on November 4, 2021. Under the limitations provision, he would have had only approximately one year and two months to file suit after his cause of action accrued. Therefore, the provision does not comport with § 16.070's two-year minimum requirement. *See Spicewood Summit Off. Condominiums Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461 (Tex. App. 2009) (invalidating a limitations provision providing fewer than two years to bring claim after it accrued).

However, a second Texas statute allows for a shorter limitations period in certain insurance contracts. The Texas Insurance Code provides that "[n]otwithstanding Section 16.070, Civil Practice and Remedies Code," an insurer "may provide for a contractual limitations period," which "may not end before the earlier of: (1) two years from the date the insurer accepts or rejects the claim; or (2) three years from the date of the loss that is the subject of the claim." TEX. INS. CODE § 2301.010(b). Limitations provisions that would usually be unenforceable under § 16.070 become enforceable if they meet the criteria in § 2301.010(b). *See generally Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) ("[I]n construing statutes, the use of such a 'notwithstanding' clause clearly

4

signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."). Thus, if § 2301.010(b) applies to this case, the limitations provision is enforceable, and Johnston's breach of contract claim is barred. If it does not apply, the limitations provision is unenforceable under § 16.070 and the claim may proceed.

Section 2301.010 "applies only to an insurer that issues windstorm and hail insurance in the catastrophe area, as defined by Section 2210.003." *Id.* § 2301.010(a). Section 2210.003 defines a "catastrophe area" as "a municipality, a part of a municipality, a county, or a part of a county designated by the commissioner under Section 2210.005." *Id.* § 2210.003. Section 2210.005 allows the commissioner to designate a catastrophe area after providing notice and holding a hearing. *Id.* § 2210.005.

The parties dispute how the Court should read the statutory language in § 2301.010. Johnston argues that a shorter limitations provision is permitted only when a *specific policy* covers property in a catastrophe area. In contrast, Palomar interprets § 2301.010 to apply whenever an *insurer* issues policies in catastrophe areas, regardless of whether the specific policy in dispute was issued in a catastrophe area.

The Court's understanding of the statute comports with Palomar's view. The text of § 2301.010 explicitly defines its scope in the context of whether *an insurer* meets certain criteria, not whether a certain *policy* meets those criteria. *See* TEX. INS. CODE § 2301.010(a) ("This section applies only to *an insurer* that issues windstorm and hail insurance in the catastrophe area, as defined by Section 2210.003." (emphasis added)); *id.* § 2301.010(b) ("[A] policy form or printed endorsement form for residential or commercial property insurance that is filed by *an insurer* described by Subsection (a) . . . may provide for a contractual limitations period for filing suit on a first-party claim under the policy." (emphasis added)). As a result, it is plain that § 2301.010

5

permits a shorter limitations period whenever a particular insurer issues hail and windstorm coverage in catastrophe areas, even if the specific policy in question is not one that covers catastrophe areas.

Here, Palomar has submitted an affidavit confirming that it issues wind and hail insurance in designated catastrophe areas under the Texas Insurance Code. ECF No. 19-1. Johnston has furnished no evidence or arguments to the contrary. Therefore, the parties' insurance contract is governed by § 2301.010. Under § 2301.010(b), the policy's limitations provision is enforceable. And, because Johnston brought suit outside of the period set forth in the policy, Johnston's breach of contract claim is time-barred. Accordingly, the Court finds that Palomar is entitled to summary judgment on the breach of contract claim.

### b. Extra-Contractual Claims

Johnston also brings a variety of extra-contractual claims. These include common law claims for breach of duty of good faith and fair dealing, fraud, and ongoing conspiracy to commit illegal acts. Additionally, he brings statutory claims under Chapters 541 and 542 of the Texas Insurance Code, which include violations of the Texas Deceptive Trade Practices Act (DTPA), violations of Texas Prompt Payment of Claims Act (TPPCA), and unfair insurance practices.

Palomar argues that, under the Texas Supreme Court's holding in *Menchaca*, Johnston's extra-contractual claims automatically rise or fall with his contract claim. *See USAA Texas Lloyds v. Menchaca*, 545 SW3d 479 (Tex. 2018). In *Menchaca*, the court clarified that, as a general rule, "an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits." *Id.* at 489. This rule is derived from the fact that the Insurance Code "does not create insurance coverage or a right to payment of

benefits that does not otherwise exist under the policy." *Id*. Thus, for an insured to show it is entitled to damages for the statutory violation, it generally must show it is entitled to policy benefits. *Id.* The *Menchaca* court applied this rule to find that there was a fatal conflict in a jury verdict that concluded that the insured was not entitled to policy benefits while deciding her breach of contract claim, yet awarded her policy benefits for the insurer's statutory violation. *Id.* at 509-510.

Unlike in *Menchaca*, here there has been no adjudication determining whether Johnston is entitled to policy benefits. To be sure, Johnston is barred from litigating his breach of contract claim due to the limitations provision. However, this conclusion is not the same as finding that Johnston's policy does not cover his loss. That is, the Court's findings go towards whether Johnston's contract claim is procedurally proper and do not bear on substantive issues such as whether Johnston is owed any benefits under the policy. *See generally Estate of Vasquez–Ortiz v. Zurich Compania De Suguros, S.A.*, 2013 WL 105005, at *3 n.7 (S.D. Tex. Jan. 8, 2013) (Ellison, J.) ("Texas courts have consistently treated statutes of limitations as procedural."); *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999). Palomar points to no authority finding that a procedural issue with a contract claim automatically precludes extra-contractual actions. On the contrary, other cases applying the rule referenced in *Menchaca* did so only after the court or an arbitrator made a substantive finding that the insured was not entitled to benefits under the policy. *See, e.g.*, *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 253 (Tex. 2009); *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005).

Moreover, others have held that an insured need not even bring a breach of contract claim, much less succeed on it, in order to recover policy benefits under an extra-contractual claim. *See*

7

*Woodcrest Capital, LLC v. Zurich American Insurance Co.*, No. MO:20-CV-00130-DC, 2021 WL 5234970, at *5 (W.D. Tex. Aug. 11, 2021) ("[T]he insured need not raise or succeed on a breach of contract claim to raise a Chapter 542 claim."); *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 829 (Tex. 2019) (permitting TPPCA claim to proceed despite breach of contract claim being previously dismissed); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) (granting summary judgment for defendant on breach of contract claim but permitting plaintiff to proceed with TPPCA claim). Further, *Menchaca* itself explicitly noted that proving a policy covers an insured's injury is not the same as succeeding on a breach of contract claim. *Menchaca*, 545 S.W.3d at 494 ("While an insured cannot recover policy benefits for a statutory violation unless the jury finds that the insured had a right to the benefits under the policy, the insured does not *also* have to prevail on a separate breach-of-contract claim based on the insurer's failure to pay those benefits."). Palomar's position—that the success of Johnston's extra-contractual claims is fully contingent upon the success of his contract claim—does not comport with these holdings.

Accordingly, the Court concludes that Palomar has not shown that it is entitled to summary judgment on Johnston's extra-contractual claims.[1]

### c. Appraisal and Abatement

Also pending before the Court is Johnston's Motion to Compel Appraisal and Abatement. ECF No. 5. The parties' contract states that a "demand for appraisal must be made no later than the expiration of the contractual suit limitations time period." ECF No. 6-2 at 23. The limitations period expired on January 10, 2023, three years after the loss occurred. Yet, Johnston did not demand appraisal until January 28, 2023. Because Johnston invoked the appraisal provision after

---

[1] There remains an open question as to whether the contract's limitations provision applies to Johnston's extra-contractual claims. However, as the parties do not argue this issue, the Court does not reach it here.

his time for doing so has expired, the Court finds that compelling appraisal is inappropriate at this juncture.

## IV.    CONCLUSION

The Court **GRANTS** Palomar's Motion for Summary Judgment on the breach of contract claim and **DENIES** Palomar's Motion on the extra-contractual claims. Further, the Court **DENIES** Johnston's Motion to Compel Appraisal and Abatement.

**IT IS SO ORDERED.**

Signed at Houston, Texas on December 14, 2023.

_____
Keith P. Ellison
United States District Judge