United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD JOHNSTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02306 |
| § | |
| PALOMAR SPECIALTY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

This case arises from a residential insurance coverage dispute. Before the Court is Defendant's Motion for Reconsideration. ECF No. 23. For the following reasons, the Motion is **DENIED**.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, a court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of an order or judgment is generally considered a motion to alter or amend under Rule 59(e) if it seeks to change the order. *T–M Vacuum Prods., Inc. v. TAISC, Inc.*, No. 07–cv–4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). To succeed, a Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854,

1

863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (holding that the Rule 59(e) standard "favor[s] the denial of motions to alter or amend a judgment.").

Plaintiff in this case initially brought both breach of contract and extracontractual claims for bad faith and violations of the Texas Insurance Code. On September 29, 2023, Defendant filed a Motion for Summary Judgment. ECF No. 12. On December 14, 2024, the Court issued a Memorandum & Order granting the Motion with respect to Plaintiff's breach of contract claim but denying it with respect to Plaintiff's extracontractual claims. ECF No. 20. In doing so, the Court found that the insurance agreement's limitations provision barred the breach of contract claim. However, the Court explicitly did not reach the question of whether the contractual limitations provision barred the extracontractual claims, as Defendant had failed to raise any such argument. ECF No. 20 at 8 n.1.

Now Defendant files a Motion for Reconsideration of the Court's denial of summary judgment on the extracontractual claims. ECF No. 23. It argues dismissal of those claims is proper on the grounds that the limitations provision should also apply to the extracontractual claims. However, this argument could and should have been made in Defendant's briefing on summary judgment. In fact, prior to ruling on the Motion for Summary Judgment, the Court issued an Order for Supplemental Briefing asking the parties to specifically address "[w]hether Plaintiff's extra-contractual claims remain viable if his breach of contract claim is barred by the limitations provision." ECF No. 15. Despite having multiple opportunities to raise this argument both in the original summary judgment briefing and in the supplemental briefing, Defendant did not make any

claim that the contractual limitations provision barred the extracontractual claims. To the contrary, Defendant explicitly stated, "the Palomar Contractual Limitation provision do[es] not shorten the limitations period for the extra-contractual claims." ECF No. 16 ¶ 5.

In sum, Defendant's Motion for Reconsideration does not establish a manifest error of law or present newly discovered evidence. Instead, it seeks to assert an argument that Defendant had previously explicitly disavowed. Accordingly, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 20, 2024.

_____
Keith P. Ellison
United States District Judge